UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANTE BURNETT IYC17-08-0145, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03170-JMS-TAB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Diante Burnett for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-08-0145. For the reasons explained in this Entry, Mr. Burnett's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 15, 2017, Officer M. McIntosh wrote a Conduct Report charging Mr. Burnett with possession of controlled substances. The Conduct Report states:

> On August 15, 2017 at approximately 9:50 p.m. I, Officer Mcintosh [sic] was conducting a pipe round on the top range next to cell N-43 when I observed Offender Burnett, Diante #248944 go into cell N-1 where Offender Milton, Brandon #158653 was clearly standing. Offender Milton then handed an item to Offender Burnett. Offender Burnett then turned to walk out of the cell and he noticed me looking at him. He immediately turned around and went back into the cell N-1 and then he walked to his cell: N-39. I immediately walked the range and stopped him at his cell door and instructed him to hand over what was in his hands. He handed me a piece of brown rolling paper out of his left hand and then I instructed him to empty his right hand also. He then dropped two slivers of an off white paper in my hand. I immediately secured the items on my person. I offered Offender Burnett, Diante #248944 a confiscation of property paper and he stated, "I cannot sign that Mrs. Mac, that is admitting guilt." The items were taken to shift office for pictures and then placed in I&I locker #264. Offender Burnett, Diante was advised he would be receiving a conduct report for his actions.

Dkts. 1-1 at 5; 9-2 at 1.

Mr. Burnett was also provided with a Notice of Confiscated Property that listed "1 piece of brown rolling paper" and "2 slivers of off white paper." Dkt. 9-3 at 1. The reason for confiscation was listed as "unauthorized." Investigator Prulhiere performed drug tests on the two pieces of off white paper, which were determined to be "Katie paper," or the synthetic hallucinogen 2-(2,5-Dimethoxy-4-methylphenyl)ethanamine. Dkt. 9-7 at 1.

Mr. Burnett was notified of the charge on August 17, 2017, when he received the Screening Report. He pled not guilty to the charge, requested a lay advocate, but did not call any witnesses. He did request "camera review of HUC N-unit from 9:42 PM to 10:12 PM." Dkt. 9-4 at 1.

The hearing officer viewed the video evidence and completed a summary of the video, which states:

> On 08/19/2017 at approximately 1:00 PM I, DHO S. Walker review HUC N unit Range 2 Camera for an incident on 08/15/2017 at approximately 09:57 PM. After

> reviewing the camera between the times of 9:42 PM thru 10:12 PM, I clearly observed the following:
> 9:48:00 two offender approach officer mcintosh on the upper range 40 side
> 9:48:30 officer Mcintosh interacts with both offenders Offender Burnett, Diante 248944and offender Milton, Brandon 158653 which Office Mcintosh identified both offenders.
> 9:48:36 offender Milton enters the cell. Offender burnett is standing with officer Mcintosh. Officer McIntosh appears to drop something and picks it up.
> 9:48:40 Officer Mcintosh walks towards cell 38 offender burnett continues to stand on the range
> 9:48:48 Officer McIntosh exits it the range down the stairs.
> 9:50:39 offender Burnett exits the range to lower range goes off camera

Dkt. 1-1 at 4; Dkt. 9-6 at 1.

The prison disciplinary hearing was held on August 21, 2017. Based on the staff reports, Mr. Burnett's statement, the photo and confidential statement regarding the drug test, the physical evidence and the video evidence, the hearing officer found Mr. Burnett guilty of being in possession of a controlled substance. The sanctions imposed included ninety days earned-credit-time deprivation and the imposition of a suspended credit-class demotion sanction from a prior disciplinary action.

Mr. Burnett appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Burnett lists one ground on which he challenges his prison disciplinary conviction: the video review contradicted Officer McIntosh's statement in the Conduct Report. The respondent restated Mr. Burnett's claim as two grounds: (1) the evidence presented was insufficient; and (2) the evidence presented was not reliable. The respondent argues that there was at least some evidence against Mr. Burnett, and the evidence presented was reliable. Mr. Burnett did not file a reply brief and the time to do so has passed.

1. Sufficiency of the Evidence

Mr. Burnett argues that the evidence was insufficient because the video review does not show all activity mentioned in Officer McIntosh's Conduct Report including: (1) his presence at someone else's cell downstairs; and (2) his handing drugs to Officer McIntosh.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-202 is entitled "Possession or Use of Controlled Substance," and is defined as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Court viewed the video evidence and it, along with the Conduct Report and the drug testing, constitute some evidence that Mr. Burnett was in possession of an unauthorized substance. From the upstairs range, Officer McIntosh observed Mr. Burnett go into cell N-1 where he was

handed an item. When Mr. Burnett walked back to his cell (N-39), Officer McIntosh stopped him and confiscated a brown rolling paper and two slivers of an off white paper. A lab test was performed that confirmed that the white paper was "Katie Paper" – a synthetic hallucinogen. The video corroborates Officer McIntosh's statement, even if it shows most, but not, all of the relevant activities. But such corroboration is not required. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999). There is ample evidence supporting the hearing officer's decision.

For these reasons, Mr. Burnett's challenge to the sufficiency of the evidence must be rejected.

2. Reliability of the Evidence

Mr. Burnett argues that the evidence is not reliable because the video contradicts Officer McIntosh's statement. Specifically, he alleges that the video review is contradictory because it does not show (1) his presence at someone else's cell downstairs; and (2) his handing drugs to Officer McIntosh – rather it shows Officer McIntosh dropping and picking something up from the ground.

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1336 (7th Cir. 1989). A court may only consider exculpatory evidence through a petition for habeas relief if it would undermine the reliability of the evidence relied upon by the hearing officer. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks*, 81 F.3d at 720; *Viens*, 871 F.2d at 1335; *Lenea v. Lane*, 882 F.2d 1171, 1176 (7th Cir.1989); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987).

The video is not exculpatory evidence. Rather, based on the Court's review of the video, the video is corroborative of Officer McIntosh's statement in the Conduct Report, which had sufficient indicia of reliability. The video does not contradict any part of the statement – it merely does not show all of the activity that was discussed in the statement. But this is not necessary. As discussed previously, there was at least "some evidence" supporting Mr. Burnett's conviction. Thus, Mr. Burnett's claim regarding the reliability of the evidence must also be rejected.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Burnett to the relief he seeks. Accordingly, Mr. Burnett's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/1/2018

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DIANTE BURNETT
248944
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Evan Matthew Comer
INDIANA ATTORNEY GENERAL
evan.comer@atg.in.gov